**No. 26-1137**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

MARCUS CRAIG,
*Plaintiff-Appellant,*

v.

BRITTANY GREENE, CATHY ASHCRAFT, KINDEL KESTNER,
and WEXFORD HEALTH SOURCES, INC.,
*Defendants-Appellees.*

On Appeal from the United States District Court
for the Central District of Illinois
No. 3:23-cv-03343-DJQ
Hon. Douglas J. Quivey, Magistrate Judge

# SEPARATE APPENDIX OF PLAINTIFF-APPELLANT

(Circuit Rule 30(b))

Juneitha Shambee, Esq.
Shambee Law Office, Ltd.
701 Main St., Ste. 201A
Evanston, IL. 60202
(773)741-3602
juneitha@shambeelaw.com
ARDC: 6308145
Attorney for Appellant Marcus Craig

# TABLE OF CONTENTS

Complaint, ECF No. 1 (Dec. 6, 2023) (pages 3–12) .................................................... App. 1

Amended Complaint, ECF No. 20 (Sept. 25, 2024) (pages 1–6) ............................... App. 11

# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

MARCUS CRAIG,
Plaintiff

vs.

WEXFORD HEALTH SOURCES, INC.,
BRITTANY GREENE, ADA COORDINATOR
CATHY ASHCRAFT & ADA COORDINATOR
KESTNER, in their individual
and official capacities,
Defendant(s)

Case No. ____________
*(The case number will be assigned by the clerk)*

*(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).*

**COMPLAINT***

*Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

☒ 42 U.S.C. §1983 (state, county or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

☐ Other federal law: ____________

☐ Unknown ____________

## I. FEDERAL JURISDICTION

***Please refer to the instructions when filling out this complaint.** Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.*

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: Marcus Craig

Prison Identification Number: M01293

Current address: Robinson Correctional Center, 13423 East 1150th Avenue, Robinson, Illinois, 62454

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: Wexford Health Sources, Inc.

Current Job Title: Health Care Provider for Illinois D.O.C.

Current Work Address 9850 OLD PERRY HIGHWAY WEXFORD, PA 15090

Defendant #2:

Full Name: Brittany Greene

Current Job Title: Western C.C. Chief Administrative Officer

Current Work Address Western Correctional Center, 2500 Route 99 South, Mt. Sterling, Illinois, 62353

Defendant #3:

Full Name: Cathy Ashcraft

Current Job Title: American Disabilities Act Coordinator

Current Work Address Western Correctional Center, 2500 Route 99 South, Mt. Sterling, Illinois 62353

Defendant #4:

Full Name: Ms. Kestner

Current Job Title: American Disabilities Act Coordinator

Current Work Address Western Correctional Center, 2500 Route 99 South, Mt. Sterling, Illinois 62353

Defendant #5:

Full Name: N/A

Current Job Title: N/A

Current Work Address N/A

*For additional defendants, provide the information in the same format as above on a separate page.*

## III. LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or appeal* *<u>in forma pauperis</u>* *in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case? Yes ☐ No ☒

If yes, please describe N/A

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☐ No ☒

C. If your answer to B is yes, how many? N/A Describe the lawsuit(s) below.

1. Name of Case, Court and Docket Number
N/A

2. Basic claim made N/A

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) N/A

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution? Yes ☒ No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

Yes ☒ No ☐

If your answer is no, explain why not N/A

C. Is the grievance process completed? Yes ☒ No ☐

## V. STATEMENT OF CLAIM

Place(s) of the occurrence Western Correctional Center

Date(s) of the occurrence June of 2022 to August of 2023

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

*THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

1. Plaintiff arrived at Western Correctional Center on or about 06/23/22 and immediately advised Wexford staff about his hearing impaired status. Wexford employed a policy of delay and denial of care that resulted in plaintiff's denial of proper ADA equipment and recognition from staff, which caused him to miss meals, yard, rec and other activities, including job assignments and other programs, as well as medical and law library appointments. Wexford's policy of delay and denial of care resulted in plaintiff's injuries (described above) in violation of his Eighth Amendment rights under the U.S. Constitution; Plaintiff asserts a Monelle claim here, against Wexford Health Sources, Inc.

2. After about four months of attempting to receive proper ADA equipment from the Health Care Unit Plaintiff was unable to do so. On or about 10/06/2022 Plaintiff contacted the warden and Chief Administrative Officer Brittany Greene and informed her that he was not receiving medical care from the Health Care Unit and that his ADA needs were not being addressed. Brittany Greene made no attempts to correct the deficient care at her Health Care Unit even after the Plaintiff notified her in writing and on several occasions face to face. As of this date, Plaintiff has never received his hearing aid for his right ear (Plaintiff is 100% deaf in his left ear and 80% deaf in his right; this is diagnosed and documented, and was known at the time).

3. After about 90 days of having his ADA concerns totally ignored by Wexford employed medical staff, Plaintiff contacted ADA (American Disabilities Act) Coordinator Cathy Ashcraft via writing on or about 10/06/2022. In this letter Plaintiff communicated that he was 100% deaf in his left ear and 70-80% deaf in his right ear. He informed her that it had been more than 90 days since he had made his disability, which was medically documented, known to Wexford health care staff. He informed her that prison authorities had completely ignored his disability and even refused to acknowledge it, which caused him to miss numerous meals, as in multiple breakfasts, lunches and dinners, as well as daily functions such as gym, yard, commissary, health care sick call and law library call passes. Plaintiff basically beseeched ADA Coordinator Cathy Ashcraft for help, a plea which went unheeded. Instead, Cathy Ashcraft acted with blatant deliberate indifference to his serious medical needs which resulted in his injury of enduring cruel and unusual conditions of confinement in violation of his rights under the U.S. Constitution, specifically the Eighth Amendment.

4. Plaintiff finally received an auxillary hearing impaired "pager watch" on or about 11/1 /2022. This did not alleviate Plaintiff's situation, because Wexford staff did not, nor did ADA Coordinators Ashcraft or Kestner, assign him H.O.H. (Hard of Hearing) status and as a result the Correctional Officers assigned to Plaintiff's Housing Unit rarely bothered to utilize the computerized pager system for deaf/hard of hearing prisoners because they were unaware Plaintiff was such. This is despite the numerous attempts he made to make them aware of this fact by notifying CAO Greene and Wexford employed medical staff, as well as ADA Coordinators Ashcraft and Kestner, of his disablity. This caused Plaintiff continuing injury in violation of his rights under

the Eighth Amendment to the U.S. Constitution.

5. After 13 months of having his disability completely ignored, save for an ineffective "pager watch" that the prison neglected to activate, and a pair of over the ear headphones so he could watch TV and listen to music (which did nothing to notify him of critical line movements or appointments), Plaintiff filed grievance 23-3070E. In her response to this grievance, ADA Coordinator Kestner falsely stated that the Plaintiff had been granted H.O.H. status on the very day the grievance was reviewed. She stated, "...hard of hearing was palced [sic] on this individuals door today (08/25/23)." Despite being a very convenient cooincidence, this statement was blatantly and demonstrably false. On 08/25/23 the Plaintiff was no longer at Western Correctional facility; he had been transferred weeks earlier. ADA Coordinator's false statement was a clear attempt to circumvent the grievance process, as well as a textbook example of a culpable mindset necessary to establish that the Defendants were acting in deliberate indifference to the Plaintiff's serious medical needs in violation of his rights under the Eighth Amendment to the U.S. Constitution.

6. The actions of the Defendants described herein are an ongoing injury, as the Plaintiff has to date not received a hearing aid for his right ear.

RELIEF REQUESTED

(State what relief you want from the court.)

7. Plaintiff requests $500,000 in compensatory damages from each defendant, either jointly or severally.

8. Plaintiff requests $500,000 in punative damages from each defendant, either jointly or severally.

9. Plaintiff requests his costs for this action.

10. Any other relief this Honorable Court deems appropriate.

JURY DEMAND Yes [X] No [ ]

Signed this 6 day of December, 20 23.

(Signature of Plaintiff)

| Name of Plaintiff: | Inmate Identification Number: |
|---|---|
| Marcus Craig, pro se | M01293 |
| Address:<br>Robinson Correctional Center<br>13423 East 1150th Avenue<br>Robinson, IL 62454 | Telephone Number:<br>N/A |

Marcus D Craig # M-01293 2-A-69

[redacted]

To: A.D.A Cordinator Cathy Ashcraft

I am a Deaf & Hard of Hearing Inmate, I am a 100% Deaf in My Left Ear & 70-80% Hard of Hearing in My Right Ear. I Have Been Writing you the "A.D.A Cordinator for over 90 Days Trying to Get A.D.A Accommadations with no Responce from you. I Have Missed Numerous Chows "Breakfast Lunch & Dinner" Due to My Hearing Disablity, as well as Daily function's such as Gym, yard, Commisarry, Call passes Like Health Care, sick Call, & Law Libraly. I would Like to Start School at Lake Land College, But without a Hearing-Aid I won't Be Able to Comprehend & Learn. Please Ms. Ashcraft (A.D.A Cordinator) I Really Need your Help. Please Get Back to Me as soon as you Can! Please & Thank you for your time & Consideration

[signature]
10-6-22
# M-01293

RECEIVED
OCT 25 2022
ADMINISTRATIVE
REVIEW BOARD

Marcus Craig #M.01293 2.A.69
To: Warden #1 Brittany Greene

I Am A Deaf & Hard of Hearing inmate. I Am A 100% Deaf in My Left Ear & 70-80% Hard of Hearing in My Right Ear. I Have Been writing The A.D.A Coordinator Cathy Ashcraft for [redacted] over 90 Days, Trying To Get A Deaf & Hard of Hearing Communication Plan & A.D.A Accommadations. In Those 90 Days No one Has Got Back to Me. I Have Missed Numerous Chows "Breakfast, Lunch & Dinner" As Well As Gym, Yard, Commissary, Call passes, Sick Call & Law Library All Due to My Hearing Disability. I would like to start School at lake land College But without A Hearing Aid, I Won't Be able to Learn & Comprehend. Please Ms. Greene, I Really Need your Help. Please Get Back to Me As Soon As you Can. Please & Thank you.

[signature]
10.6.22
#M.01293

RECEIVED
OCT 25 2022
ADMINISTRATIVE REVIEW BOARD

E-FILED
Wednesday, 25 September, 2024 08:54:36 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCUS CRAIG<br>Plaintiff,<br><br>vs.<br><br>WEXFORD HEALTH SOURCES, INC., BRITTANY GREENE, ADA COORDINATOR CATHY ASHCRAFT and ADA COORDINATOR KESTNER, in their individual and official capacities<br>Defendants. | Case No. 23-cv-3343 |

AMENDED COMPLAINT

NOW COMES the Plaintiff, Marcus Craig, pro se, pursuant to 42 U.S.C. § 1983 and Federal Rule of Procedure 15(a)(1)(B) to file this amended complaint. In support thereof, Plaintiff states as follows:

I. FEDERAL JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other Federal law.

II. PARTIES

A. Plaintiff: Marcus Craig
Prison I.D. #: M01293
Address: Robinson Correctional Center
13423 East 1150th Avenue
Robinson, IL 62454

B. Defendants

Defendant #1:

Full Name: Wexford Health Sources, Inc.
Current Job Title: Health Care Provider for Illinois D.O.C.
Current Address: 9850 Old Perry Highway
Wexford, PA 15090

Defendant #2:

Full Name: Brittany Greene
Current Job Title: Western C.C. Chief Administrative Officer
Current Address: Western Correctional Center
2500 Route 99 South
Mt. Sterling, IL 62353

Defendant #3:

Full Name: Cathy Ashcraft
Current Job Title: American Disabilities Act Coordinator
Current Address: Western Correctional Center
2500 Route 99 South
Mt. Sterling, IL 62353

Defendant #4:

Full Name: Ms. Kestner
Current Job Title: American Disabilities Act Coordinator
Current Address: Western Correctional Center
2500 Route 99 South
Mt. Sterling, IL 62353

## III. LITIGATION HISTORY

A. Plaintiff has never brought any other lawsuits in state or federal court dealing with the same facts involved in this case.

B. Plaintiff has never brought any other lawsuits in federal court while incarcerated.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

A. There is a grievance procedure at the Plaintiff's institution.

B. The Plaintiff filed a grievance concerning the facts relating to this amended complaint.

C. The grievance process was completed and the Plaintiff properly exhausted all administrative remedies relating to the facts in this complaint.

## V. STATEMENT OF CLAIM

1. The places of occurance regarding matters in this complaint were Western Correctional Center.

2. The dates of occurance regarding matters in this amended complaint were June of 2022 to August of 2023.

3. Plaintiff arrived at Western Correctional Center on 06/23/2022 and immediately advised Wexford staff about his hearing impaired status. He was advised to "put in for sick call."

4. Wexford's policy is to have an Individual in Custody put in for Nurse sick call. The wait for this is days or weeks. If an inmate has a serious problem that can't be addressed by the nurse, such as Plaintiff's hearing impairment, they are advised to put in for Nurse Practitioner or Physician's Assistant sick call. This wait period is days or weeks more. When the inmate then sees the Nurse Practioner or the Physician's Assistant, if they are unable to address a medical issue, the prisoner is then instructed to put in for Doctor call line. The wait period for this is days or weeks, and in some cases can be a month or more.

5. This official policy of making prisoners go through the three tier process of Nurse sick call, NP or PA sick call and finally Doctor call line results in months long delays in care. Further-

more, if a prisoner medical issue remains unresolved they must then reinitiate the process all over again before seeing the doctor.

6. Plaintiff asserts that this policy results in prolonged injury and is therefore unconstitutional. It is this specific policy that resulted in Plaintiff's injury of being denied proper ADA equipment (Plaintiff is 100% deaf in his left ear and 80% deaf in his right ear) which resulted in the Plaintiff missing meals, yard time, gym recreation time and other activities including but not limited to job assignments, medical appointments, law library appointments and other institutional programs in violation of his rights under the U.S. Constitution, a Monell claim.

7. After about four months of attempting to receive proper ADA equipment from the Health Care Unit Plaintiff was unable to do so. On or about 10/06/2022 Plaintiff contacted Warden Brittany Greene, Chief Administrative Officer of the prison, that he was not receiving medical care from the Health Care Unit and that his ADA needs were not being addressed. Brittany Greene made no attempts to correct the deficient Health Care Unit even after Plaintiff notified her in writing and on several occasions face to face. Plaintiff still has no hearing aid for his right ear, as he is 100% deaf in his left ear and 80% deaf in his right ear, which was diagnosed and documented and known to the Defendants at the time.

8. After about 90 days of having his ADA concerns totally ignored by Wexford medical staff, Plaintiff contacted ADA (American Disabilities Act) Coordinator Cathy Ashcraft via writing on or about 10/06/2022. In this letter Plaintiff communicated that he was 100% deaf in his left ear and 70-80% deaf in his right ear. He informed her that it had been more than 90 days since he notified them, which was already medically diagnosed and documented and known about by Wexford health care staff. Plaintiff informed Ms. Ashcraft that prison authorities had completely ignored his disability and even refused to acknowledge it, which caused him to miss numerous

meals, as well as daily functions like yard, gym, commissary, health care sick call and law library call passes. Plaintiff beseeched ADA Coordinator Ashcraft for help, but his pleas went unheeded. Instead, Cathy Ashcraft acted with deliberate indifference to his serious medical needs, which in turn resulted in the injury and cruel and unusual conditions of confinement in violation of Plaintiff's rights under the U.S. Constitution's Eighth Amendment.

9. Plaintiff finally received an auxillary hearing impaired "pager watch" on or about 11/01/2022. This did not alleviate the Plaintiff's condition, however, because Wexford staff did not, nor did ADA Coordinators Ashcraft or Kestner, assign him Hard of Hearing (H.O.H.) status. Therefore, the Correctional Officers assigned to the Plaintiff's housing unit rarely utilized the computerized pager system for deaf/hard of hearing prisoners because they were unaware that Plaintiff was such. This is despite numerous attempts Plaintiff made to make them aware of this fact by notifying Warden Brittany Greene, Wexford employed health care staff, and ADA Coordinators Kestner and Ashcraft of his diagnosed and documented disability. This caused Plaintiff to suffer continuing injury in violation of his rights under the Eighth Amendment to the U.S. Constitution.

10. After 13 months of having his disability completely ignored, save for the ineffective "pager watch" that the staff rarely used, and a pair of over-the-ear headphones that allowed Plaintiff to watch TV (but ironically exacerbated his problem of hearing line movement announcements), Plaintiff filed grievance 23-3070E. In her response to this grievance, ADA Coordinator Kestner falsely stated that the Plaintiff had finally been granted H.O.H status on the very day the grievance was reviewed. She stated that, "...hard of hearing was palced [sic] on this individual's door today (08/25/2023)." Despite being a very suspicious cooincidence, this statement was also blatantly and demonstrably false. On 08/25/23 the Plaintiff was no longer at Western Correctional Center; he had been tranferred weeks earlier.ADA Coordinator Kestner's false

statement was a clear attempt to circumvent and defeat the grievance process, and demonstrates the culpable mindset necessary to demonstrate that the Defendants were acting with deliberate indifference to the Plaintiff's serious medical needs in violation of his rights under the Eighth Amendment to the U.S. Constitution.

11. The actions of the defendants described herein are an ongoing injury.

RELIEF REQUESTED

12. Plaintiff requests $500,000 in compensatory damages from each Defendant, either jointly or severally.

13. Plaintiff requests $500,000 in punative damages from each Defendant, either jointly or severally.

14. Plaintiff requests his costs for this action.

15. Any other relif this Honorable Court deems just.

JURY DEMAND Yes X No ___

Signed this 9th day of May, 2024.

/s/ [signature]

Marcus Craig
IDOC# M01293
Robinson C.C.
13423 East 1150th Ave.
Robinson, IL 62454